# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM M. GLOWKA,

       Plaintiff,

       -vs-

:

DEPUTY GERALD H. BEMIS,
et al.,

       Defendants.

Case No. 3:12-cv-345

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

---

## ORDER ALLOWING ISSUANCE OF PROCESS AS TO DEFENDANTS BEMIS AND CAITO AND REPORT RECOMMENDING DISMISSAL OF COMPLAINT AGAINST DEFENDANT REED; ORDER REGARDING SCREENING FOR APPOINTMENT OF COUNSEL

---

This action is before the Court for review prior to issuance of process. Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

1

>  (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

>  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal --
>  (i) is frivolous or malicious;
>  (ii) fails to state a claim upon which relief can be granted; or
>  (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin). The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

>  Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of

2

> facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, " 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.' " 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005),, at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545 (6th Cir. 2007). *Twombly* and *Iqbal* apply to review of complaints for failure to state a claim under §§ 1915A(b)(1) and 1915(e)(2)(B)(II). *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

Plaintiff's Complaint, when given the liberal construction required for *pro se* civil rights complaints, purports to set forth a claim of the use of excessive force in effecting an arrest, in violation of the Fourth Amendment and therefore actionable under 42 U.S.C. § 1983, against Sheriff Deputies Gerald H. Bemis and Joseph P. Caito, III.  Therefore the Clerk may issue process to the United States Marshal for service on these Defendants.

However, all that is pled as to Deputy Penelope Reed is that she was present during the arrest.  This does not set forth a claim under § 1983 and the Complaint should be dismissed as to her without prejudice for failure to state a claim upon which relief can be granted.

Plaintiff has also moved for the appointment of counsel in this case.  Although a federal district court is authorized by 28 U.S.C. §1915 to appoint counsel for indigent civil litigants, that authority is very different from the authority for appointing counsel for indigent criminal defendants. Because there is a constitutional right to counsel in any criminal case where there is a possibility of incarceration, Congress has funded the Federal Public Defender system and has also provided the Court with funds for paying private appointed counsel under 18 U.S.C. §3006A. No such funds exist under 28 U.S.C. §1915. Furthermore, the Court cannot compel any attorney to accept appointment. *Mallard v. United States District Court*, 490 U.S. 296, 309, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989).  The Court does have an arrangement with the Volunteer Lawyers Project ("VLP") of the Dayton Bar Association whereby the VLP will refer a case such as this one to the law firm of Sebaly, Shillito & Dyer for review. If that firm finds the case has possible merit, the VLP will then attempt to find an attorney to accept the case on a contingent fee basis. However, such a referral means the case would be completely stayed pending review (usually 90 days or more).  Therefore, the Plaintiff is directed to give the Court notice within ten days of the date of this Order whether he wishes to have the case referred to the VLP under the above conditions.

October 17, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).