IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **ADAM M. GLOWKA,** | : Case No:  3:12-CV-00345 |
| | : |
| Plaintiff, | : District Judge Timothy S. Black |
| |   Magistrate Judge Michael R. Merz |
| | : |
| vs. | : |
| | : |
| **DEPUTY GERALD BEMIS, et al.,** | : |
| | : |
| Defendants. | : |

# PROTECTIVE ORDER

    Plaintiff ADAM GLOWKA and Defendants GERALD BEMIS AND JOSEPH CAITO, by and through their undersigned counsel of record, having entered an Agreed Protective Order ("APO") in the form attached hereto as Exhibit "A," and good cause appearing for the approval and adoption of the APO,

    NOW THEREFORE, IT IS HEREBY ORDERED THAT:

    1.    The APO is hereby approved and adopted by this Court;

    2.    All documents and materials properly designated by the Parties as Confidential Documents (as the term is defined in the APO) shall be governed by and subject to the terms of the APO;

    3.    The terms and conditions of the APO shall be binding upon all persons who have access to and review any documents or materials designated confidential; and

    4.    All Confidential Documents and materials shall survive the termination of this action and shall retain their confidential designation, and remain subject to this Order until such time, if ever, as the Court may order otherwise.

    5.    Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  This Protective Order does not authorize filing under seal.

IT IS SO ORDERED.

May 22, 2015.

                              s/ Michael R. Merz

                              Michael R. Merz
                              United States Magistrate Judge

## EXHIBIT A
## AGREED PROTECTIVE ORDER

  This Agreed Protective Order, intended by the parties to be approved and adopted by the Court ("Confidentiality Agreement and Order"), is made and entered into by and between Plaintiff ADAM GLOWKA and Defendants GERALD BEMIS and JOSEPH CAITO.  Plaintiff and Defendants are parties to litigation currently pending in the U.S. District Court for the Southern District of Ohio captioned *Glowka v. Bemis, et al.*, Case No. 3:12-cv-00345.  Plaintiff and Defendants are individually referred to as a "Party" and collectively referred to as "Parties."

  Plaintiff desires to provide Defendants' counsel with a copy of his medical records.  The Parties therefore believe that it is appropriate for them to memorialize their understanding and agreement as to the production, use and disclosure of these medical records.

  THEREFORE, the Parties agree as follows:

  1. The Parties acknowledge that medical records will contain individually identifiable health information, including but not limited to patient information, protected health information, patient charts, medical records and other documents or information protected by HIPPA (45 CFR § 164.512(e)(1)(v)) ("Confidential Document(s)").

  2. Plaintiff agrees to provide Defendants with Confidential Documents only upon the condition that they remain confidential.

  3. The Parties agree that Plaintiff's designation of material as confidential shall be made only after a bona fide determination that the material is in fact a Confidential Document.

  4. The Parties agree that Plaintiff may designate any document(s) as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility of the materials the following notice, or an otherwise similar appropriate notice: "Confidential Material Subject to Confidentiality Order."  The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

  5. Deposition testimony or any portion thereof may be designated "Confidential" on the record at the time of the deposition or within a reasonable time after receipt of the deposition transcript.  All copies, duplicates, extracts, summaries or descriptions (collectively "copies"), of documents designated as Confidential under this Confidentiality Agreement and Order or any portion of such a document, shall be immediately affixed with the designation "Confidential Material Subject to Confidentiality Order" if a designation to this effect does not already appear on the copy.  All such copies shall be afforded the full protection of this Confidentiality Agreement and Order.

  6. Material or information designated as confidential under this Confidentiality Agreement and Order shall not be used or disclosed by any person, except as provided for

hereinafter, or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this Litigation and any appeal herein.

7. No Party shall disclose or permit the disclosure of any material or information designated as confidential under this Confidentiality Agreement and Order to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to employees of a Party's counsel who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Confidentiality Agreement and Order requiring that the material and information be held in confidence.

(b) Disclosure may be made to consultants or experts (hereinafter, "expert") employed by a Party or the Party's counsel to assist in the preparation and trial of this litigation.

(c) Disclosure may be made to a Party to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, the Party shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Confidentiality Agreement and Order requiring that the material and information be held as confidential.

(d) Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal), and to Court reporters only for the purposes of the Litigation, and for no other purposes. No term or condition of this APO is meant to limit the Parties' introduction or admissibility of evidence which is subject to this APO at the jury trial, a proceeding which the Parties' acknowledge is open to the public, or any other judicial proceeding which may require the proffering or moving of evidence into the record which constitutes Confidential Documents.

(e) Disclosure may be made to any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this Litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this Litigation.

(f) Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this Litigation.

(g) Disclosure may be made to employees of outside copying, document imaging and facsimile services.

(h) Disclosure may be made to witnesses or deponents in the course of this Litigation, only as necessary for the litigation.

8. The Parties and their attorneys will ensure that those persons to whom the Confidential Documents are disclosed are advised of this Confidentiality Agreement and Order and the confidential nature of the Confidential Documents, and that they are precluded from disclosing the information in any manner or to any person not required in the pursuit of this Litigation, including any subsequent appeals. Any person having access to material or information designated confidential under the Confidentiality Agreement and Order, including consultants and experts, shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except as convenient or necessary for the preparation and trial of this Litigation.

9. Counsel for the Parties shall keep all material or information designated as confidential which is received under this Confidentiality Agreement and Order within its exclusive possession and control, except as provided in paragraph 7 above, and shall maintain such material and information in their offices or other secure facility and shall property secure and control all Confidential Documents and take all reasonable precautions to prevent unauthorized access to, or reproduction or disclosure of, the Confidential Documents to unauthorized persons or entities. Except as provided in paragraph 7, no person shall have access to the Confidential Documents.

10. The production or disclosure of any discovery material made in connection with this action which a Party claims was inadvertent and should not have been produced or disclosed because of a privilege will not be deemed to be a waiver of any privilege to which the Party would have been entitled had the affected material not inadvertently been disclosed. In the event of such claimed inadvertent disclosure, the following procedures shall be followed:

(a) The Party may request, in writing, the return of any such discovery material by specifically identifying the affected material; and

(b) If the Party requests the return, pursuant to this paragraph, of any such discovery material, those to whom the request is made shall return to the Party immediately all copies of the affected material within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the affected material was provided.

11. Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Confidentiality Agreement and Order. A Party's designation of material or information as confidential shall not be controlling. A Party may challenge any or all confidential designations by written notice in accordance with this paragraph. If a Party elects to challenge any designation of confidentiality of any material or information pursuant to this Confidentiality Agreement and Order, the challenging Party shall identify each document it wishes to remove from the provisions of this Confidentiality Agreement and Order within 60 days of receipt of said document and afford the designating Party an opportunity to voluntarily remove such designation. Should the designating Party not voluntarily remove such designation within 60 days of the receipt of such notice, the challenging Party may then file a written motion with the Court for an order determining confidentiality,

accompanied by one copy of each challenged document. The motion and accompanying materials shall be filed under seal as provided herein, and the confidentiality of such materials or information shall remain protected until the Court shall order otherwise. The Parties shall attempt to resolve any such challenge by agreement prior to the time for filing such a motion as herein provided.

12. Upon final termination of this action, whether by judgment, settlement or otherwise, upon written request, a Party's counsel shall return to the requesting Party's counsel all materials and all copies thereof in counsel's possession or subject to counsel's control (including but not limited to materials furnished to consultants and/or experts) that were designated by the requesting Party as confidential material in accordance with this Confidentiality Agreement and Order. If no written request for the return of Confidential Documents is received, the Parties shall destroy all tangible copies of the Confidential Documents and documents that refer or otherwise disclose the confidential information contained in the Confidential Documents in counsel's possession or subject to counsel's control (including but not limited to materials furnished to consultants and/or experts).

13. The Parties agree that this Confidentiality Agreement and Order shall survive the termination of the Litigation.

WHEREFORE, by the signature of their counsel below, the Parties acknowledge that they have reviewed carefully what has been expressed in this Confidentiality Agreement and Order, and understand that its terms are legally binding on them.

Dated: May 20, 2015

AGREED:

| | |
|---|---|
| /s/ Lynnette Dinkler | /s/ Nicholas J. Pieczonka |
| Lynnette Dinkler (0065455) | Nicholas J. Pieczonka (0087062) |
| Jamey T. Pregon (0075262) | Taft Stettinius & Hollister, LLP |
| Dinkler Pregon LLC | 425 Walnut Street, Suite 1800 |
| 5335 Far Hills Avenue, Suite 123 | Cincinnati, Ohio  45202 |
| Dayton, OH  45429 | (513) 381-2838 |
| (937) 426-4200 | (513) 381-0205 (fax) |
| (866) 831-0904 (fax) | npieczonka@taftlaw.com |
| lynnette@dinklerpregon.com | *Attorney for Plaintiff Adam Glowka* |
| jamey@dinklerpregon.com | |
| *Special Assistant Prosecuting Attorneys for Defendants Deputy Gerald Bemis and Deputy Joseph P. Caito, III* | |

/s/ R. Lynn Nothstine_____
R. Lynn Nothstine (0061560)
Assistant Prosecuting Attorney
301 West Third Street, P.O. Box 972
Dayton, Ohio 45422
(937) 225-5607
(937) 225-4822 (fax)
*Attorney for Defendants Deputy Gerald Bemis
and Deputy Joseph P. Caito, III*